IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NICOLE J. HILEMAN and MELANIE )
HILEMAN, Individually and as Next Friend )
of APRIL R. HILEMAN, a minor, )
)
         Plaintiffs, )
)
vs. ) CIVIL NO. 09-207-GPM
)
CENTRAL INDIANA TRANSPORT )
EXPRESS and GREGORY J. EDWARDS, )
)
         Defendants. )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      The Court has reviewed the allegations of federal subject matter jurisdiction asserted in the notice of removal filed by Defendants Central Indiana Transport Express ("Central") and Gregory J. Edwards ("Edwards") on March 16, 2009. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *see also Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) (noting that a federal court "has an independent duty to satisfy itself that it has subject-matter jurisdiction").

      Central and Edwards have removed this action from the Circuit Court of Union County, Illinois, to this Court in federal diversity jurisdiction, which requires of course that the parties to a case be of diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy.

*See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000). Although it is apparent from both the notice of removal and the allegations of the underlying state-court complaint that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs,[1] the Court finds that Central and Edwards, which as the removing parties have the burden of establishing federal jurisdiction, *see Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Cassens*, 430 F. Supp. 2d at 833, have failed properly to allege complete diversity of citizenship.

This is an action seeking damages for personal injuries sustained by Nicole J. Hileman ("Nicole") and April R. Hileman ("April") when the Dodge Ram truck driven by Nicole collided with a tractor-trailer truck operated by Edwards as an employee of Central. Nicole and April are children of Melanie Hileman ("Melanie"). The complaint also seeks damages under the Family Expense Act for medical expenses Melanie incurred on behalf of Nicole and April because of the alleged injuries.

The notice of removal alleges that "Plaintiff Nicole J. Hileman is a citizen and resident of Illinois" and "Plaintiff Melanie Hileman is a citizen and resident of Illinois." (*See* Doc. 2, para. 3). Unfortunately, it says nothing about April's citizenship. "The legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." *See* 28 U.S.C. § 1332(c)(2). Thus, the citizenship of April, the minor, matters for purposes of

---

[1] The complaint seeks "a sum in excess of Fifty Thousand Dollars ($50,000.00) and costs of suit" (*see* Doc. 2-4). Central and Edwards have also attached an affidavit from Chasity Roberts, an agent of the insurer in this action, which attests that Plaintiffs made a $175,000 settlement on February 25, 2009 (*see* Doc. 2-3). In light of this information, it does not appear to "a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

determining jurisdiction, and the notice of removal is silent on this issue.

Pursuant to 28 U.S.C. § 1653 the Court will grant Central and Edwards leave to amend the defective allegations of citizenship in the notice of removal. "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). *See also Guaranty Nat'l Title Co.*, 101 F.3d at 59 (noting that dismissal of a case due to defective allegations of federal subject matter jurisdiction is appropriate only when "after multiple opportunities [the parties asserting federal jurisdiction] do not demonstrate that jurisdiction is present[.]"). *See also Bova v. U.S. Bank, N.A.*, Civil No. 06-453-GPM, 2006 WL 2246409, at *7 (S.D. Ill. Aug. 4, 2006) (quoting *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 844 n.2 (S.D. Ill. 2006)) ("A notice of removal may be amended more than thirty days after the time to remove has expired . . . to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice.").

Therefore, it is hereby **ORDERED** that an amended notice of removal shall be filed on or before **April 13, 2009**. Failure to file an amended notice of removal that invokes federal jurisdiction will result in the remand of this action to Union County, Illinois.

**IT IS SO ORDERED.**

DATED: 03/19/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge